UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CRIMINAL ACTION NO. 5:10-CR-06-KKC

UNITED STATES OF AMERICA,                              PLAINTIFF

v.                           **OPINION AND ORDER**

ALPHONSO JOHNSON TOLBERT,                         DEFENDANT

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Defendant's Motion to Reconsider (DE 52). In his motion, the Defendant asks the Court to reconsider its ruling denying the Defendant's request to correct an error in the Presentence Report ("PSR") prepared by the United States Probation Office.

The PSR states that, on May 25, 1990 the Defendant was charged with Criminal Attempt to Commit Sodomy, 1st Degree in Boyd County, Kentucky. The PSR further states that, on May 19, 1993, the charge was dismissed as a result of plea negotiations in a separate case in which the Defendant was charged with trafficking in cocaine and with being a persistent felony offender.

The Defendant asked that the PSR be amended to state that the charge of attempted sodomy was "dropped with prejudice because there was no evidence of a crime." The Defendant argued that this alleged inaccuracy in the PSR affects the facilities in which he can be housed, the programs in which he can participate while incarcerated, and how he will be supervised after his incarceration.

The Court denied the motion, stating that, to the extent that the Defendant was proceeding under Federal Rule of Criminal Procedure 32, this Court had no jurisdiction

to correct the PSR after sentencing has been imposed. *See United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir. 1988).

The Court also explained that it sentenced the Defendant to 84 months in prison pursuant to a binding plea agreement. Accordingly, the Court did not rely on the alleged inaccuracy in the PSR when sentencing the Defendant. The Court also noted that it has been advised by the U.S. Probation Office that, even if the PSR were amended as the Defendant requests, the amendment would not affect the Defendant's security classification by the Bureau of Prisons.

In his Motion to Reconsider, the Defendant states he is actually proceeding under Rule 36 which provides that the court may, at any time, correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. The Defendant does not, however, seek to correct a simple clerical error or an error arising from oversight or omission. He seeks an amendment to the substance of the PSR. Thus, Rule 36 is not the appropriate avenue for his relief.

Further, the Court has reviewed the relevant state court records and finds that there was no error in the PSR. The records state that the charge at issue was dismissed as part of the Defendant's plea agreement on separate drug charges. (See attached.)

For all these reasons, the Court hereby ORDERS that Defendant's Motion to Reconsider (DE 52) is DENIED.

Dated this 29th day of November, 2012.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge